IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Fred Martin, | ) | C/A No.: 4:13-2187-DCN-TER |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Page Gossett, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that United States Magistrate Judge Gossett violated Plaintiff's right to equal protection. (ECF No. 1 at 2–3.) Plaintiff claims that, on May 28, 2013, he filed a request for an extension of time to respond to a motion for summary judgment in a civil action pending before this court. *Id.* at 3. While Defendant Gossett granted Plaintiff's motion, she also allegedly "threatened to dismiss the case for a failure to prosecute." *Id.* Records in Plaintiff's pending civil action reflect that the court received Plaintiff's motion for an extension on May 30, 2013, and Defendant Gossett issued an order granting the motion on May 31, 2013.[1] *See Martin v. Byers, et al.*, C/A No. 4:12-2100-DCN-TER (D.S.C. July 30, 2012) at ECF Nos. 165, 166. Defendant Gossett's order extended

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

Plaintiff's time to respond to Defendants' motion for summary judgment until July 1, 2013, and advised Plaintiff that "[f]ailure to comply may result in dismissal of the Complaint for failure to prosecute." *Id.* at ECF No. 166. Plaintiff subsequently responded to the summary judgment motion and the case remains pending at this time. *Id.* at ECF Nos. 175, 176, 179. In the present action, Plaintiff seeks monetary damages. (ECF No. 1 at 5.)

II.     Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

2

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

>B. Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff seeks monetary damages against Defendant Gossett for issuing an order which advises Plaintiff that a pending civil action may be dismissed for failure to prosecute. (ECF No. 1 at 3.) It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Further, judicial immunity is a protection from suit, not just from ultimate assessment of damages. *Mireless*, 502 U.S. at 11. Therefore, Defendant Gossett is entitled to summary dismissal from the instant case for claims associated with her judicial actions in Plaintiff's pending civil action.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

|  |  |
|---|---|
| August 29, 2013<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**The parties are directed to note the important information in the attached<br>"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, SC 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).